IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL IRIZARRY, : | |
| : | 4:09-cv-706 |
| Plaintiff, : | |
| : | Hon. John E. Jones III |
| v. : | |
| : | Hon. J. Andrew Smyser |
| ROBERT SHANNON; : | |
| DAVID KNEAL; and : | |
| MARY TONER, : | |
| Defendants. : | |

# **MEMORANDUM**

# **May 4, 2010**

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 55), filed on April 16, 2010, which recommends that the Defendants' Motion for Summary Judgment (Doc. 38) be granted and that this case be closed. Neither the Plaintiff nor the Defendants have filed objections to the R&R..[1] For the reasons set forth below, the Court shall adopt the R&R in its entirety.

---

[1] Objections were due by May 3, 2010.

1

## I. STANDARDS OF REVIEW

### A. Review of a Report and Recommendation

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

### B. Summary Judgment

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party

bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985).

However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## II. PROCEDURAL BACKGROUND

Plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on April 16, 2009. (Doc. 1). Plaintiff's application to proceed *in forma pauperis* was granted (Docs. 2 and 6) and service of the Complaint was ordered. On June 29, 2009, the Defendants filed a Motion to Dismiss.(Doc. 12). The Motion was fully briefed by the parties and on October 20, 2009, Magistrate Judge Smyser issued a R&R that recommended the motion to dismiss be granted and this case closed. Thereafter, Plaintiff filed objections to the Magistrate Judge's report. On November 24, 2009, we issued an Order that adopted

4

in part and rejected in part the R&R. (Doc. 30). In particular, we granted the Defendant's motion to dismiss with respect to the official capacity claims for monetary damages against individual Defendants, and denied the motion to dismiss in all other respects. (Doc. 30).

Following our disposition of the October 20, 2009 R&R, this matter was remanded to Magistrate Judge Smyser for further pre-trial management. On January 11, 2010, the Defendants filed a Motion for Summary Judgment. After briefing, Magistrate Judge Smyser issued the instant R&R (Doc. 55), which is the subject of our review within this Memorandum.

## III. FACTUAL BACKGROUND

Plaintiff's claims relate to the monitoring of his incoming and outgoing mail while he was incarcerated at the State Correctional Institution at Frackville ("SCI-Frackville"). Named as Defendants are three officials, employees and/or agents of SCI-Frackville: Superintendent Robert Shannon, Security Captain David Kneal, and Mailroom Supervisor Mary Toner.

Plaintiff alleges that in January of 2006, he received a certified mail receipt indicating that the defendant Kneal had sent a package to Sonja Stebbins, a detective with the Lancaster Police Department, regarding Plaintiff. (Compl. Ex. A). On September 11, 2006, Plaintiff received a notice from Defendant Toner

5

(Compl. Ex. C) informing him that his incoming and outgoing mail had been monitored from September 20, 2005 to September 7, 2006. The notice indicated that the monitoring had been suggested by Defendant Kneal and approved by Defendant Shannon. Plaintiff alleges that the monitoring violated Department of Correction Policy DC-ADM 803. (Compl. Ex. D). On November 2, 2006, Plaintiff received a second notice from Defendant Toner (Compl. Ex. E) informing him that his mail had been monitored from October 17, 2006 to November 1, 2006.

On April 10, 2007, Plaintiff received a letter from a friend (Compl. Ex. B) who was angry because duplicates of their private correspondence were made available to an unintended third party who used the information to humiliate, degrade and embarrass her.

On April 24, 2007, the Plaintiff submitted a grievance, Grievance No. 185632, (Compl. Ex. F), regarding his mail being copied and sent to a third party. The grievance was returned to the Plaintiff without action on the basis that it was not timely filed. On April 27, 2007, the Plaintiff applied for a reconsideration and it was granted, and the grievance was remanded to the grievance coordinator for further processing. On July 1, 2007, the Plaintiff sent a letter to Grievance Coordinator Mr. Damitor (Compl. Ex. G) inquiring as to the status of his grievance. On July 20, 2007, the Plaintiff received notice that his grievance was denied.

On July 24, 2007, the Plaintiff filed an appeal to the institution's Deputy Superintendent Verano. (Compl. Ex.H). Upon receiving no response, in November 2007, Plaintiff sent a letter to Mr. Verano inquiring as to the status of his appeal. On the copy of the letter submitted by Plaintiff, there is a note from Mr. Verano, dated December, 2007, notifying the Plaintiff that his office was not the proper office of appeals at the facility level and directing the Plaintiff to the Superintendent.

On December 9, 2007, the Plaintiff filed an appeal to the Superintendent. (Compl. Ex. H). In his appeal, the Plaintiff alleged that Mr. Verano had a professional responsibility to forward his appeal to the proper office. The Superintendent denied the Plaintiff's appeal as untimely, noting that Mr. Verano did not have a responsibility to forward the Plaintiff's mail. The Plaintiff filed an appeal to the Chief Secretary's Office of Grievances and Appeals (Compl. Ex. I), which was denied as untimely.

## IV. DISCUSSION

Within the R&R, Magistrate Judge Smyser concludes that summary judgment should be granted in favor of the Defendants because the Plaintiff failed to file his Complaint before the statute of limitations elapsed and that Plaintiff cannot avail himself of equitable tolling.

As Magistrate Judge Smyser accurately notes, the applicable statute of limitations in this 42 U.S.C. § 1983 action is two years. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (Pennsylvania's two-year statute of limitations for personal injury cases is applied to § 1983 cases). Magistrate Judge Smyser further concludes, and our review of the pleadings and the record confirms, that Plaintiff certainly knew or had reason to know of the alleged injuries constituting his claim in September of 2006 when he received a notice that his mail was being monitored. Thus, Plaintiff's claim accrued in September 2006, yet he did not file this action until April 2009.

Equitable tolling is permissible "where (1) the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 f.3d 1380, 1387 (3d Cir. 1994). Further, "[t]he remedy of equitable tolling is extraordinary, and we extend it only sparingly." *Santos v. United States,* 559 F.3D 189, 197 (3d Cir. 2009). Plaintiff has not demonstrated any of the touchstones for equitable tolling, thus he cannot excuse his failure to file this action in advance of the expiration of the statute of limitations.

As we have already mentioned, neither Plaintiff nor the Defendants have filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>.  An appropriate Order shall issue.